# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT COTNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 10-079-JHP-SPS ) |
| JUSTIN JONES, et al., | ) ) |
| Defendants, | ) |

## OPINION AND ORDER

On April 7, 2010, the court entered an order denying plaintiff's motion for leave to proceed *in forma pauperis* in this action, because he had accumulated more than three prior "strikes" under 28 U.S.C. § 1915(g) [Docket #5]. Plaintiff has filed a motion to vacate the order and for the district court judge to recuse from this matter [Docket #6]. He argues that § 1915(g) does not apply, because he is raising claims under the Americans with Disabilities Act, RICO, nondiscrimination statutes, and 42 U.S.C. § 1981-1985. He further contends the court was aware that he has no funds to pay the filing fee, so the denial of *in forma pauperis* status was unconstitutional. Plaintiff apparently mistakenly believes that the granting of leave to proceed *in forma pauperis* is a discretionary act by the district court. He also contends he has been told by agents of the defendants that they ordered the district court judge to deny plaintiff's *in forma pauperis* application.

As set forth in the court's prior order, the "three strikes" statute reads as follows:

> In no event shall a prisoner bring *a civil action* or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm.

28 U.S.C. § 1915(g) (emphasis added). This statute clearly applies to the civil claims plaintiff desires to present to the court. Therefore, he is incorrect in his analysis of § 1915(g), and his motion to vacate the order denying *in forma pauperis* status is DENIED.

Regarding the request for the district judge's recusal, plaintiff claims he can produce more than 50 state employees who will testify that plaintiff is in danger of serious physical injury and early death. Even with this purported evidence, the district judge allegedly has issued a ruling to protect the judge's friends and his financial interest in private prisons.

The court finds plaintiff has not pointed to any act or speech by the district judge indicating bias, prejudice, or the appearance of impropriety. *See Mitchell v. Maynard*, 80 F.3d 1433, 1450 (10th Cir. 1996) (noting even appearance of impropriety must be avoided). Instead, plaintiff is raising completely speculative, unsubstantiated, and conclusory allegations with no factual basis. Therefore, his motion for the district judge to recuse also is DENIED.

**ACCORDINGLY,** plaintiff's motion to vacate the court's order denying leave to proceed *in forma pauperis* and for the district court judge to recuse [Docket #6] is DENIED. Because plaintiff has failed to pay the $350.00 filing fee as directed, this action is DISMISSED without prejudice for failure to comply with the court's order entered on April 7, 2010.

**IT IS SO ORDERED** this 10th day of May 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma